## Cornwell v. Commonwealth.

(Decided March 26, 1926.)

## Appeal from Marshall Circuit Court.

Criminal Law—In Prosecution for Seduction Under Promise of Marriage, where Intercourse was Admitted, Evidence Relating to Medicine Given Prosecutrix by Accused to Destroy Child Held to Require Reversal.—In prosecution for seduction, where accused admitted intercourse, and only issues were chastity of prosecutrix and whether she yielded under promise of marriage, admission of evidence regarding bottle of medicine given by accused to prosecutrix to destroy the child, allowing bottle to be exhibited to jury, and testimony of doctor as to nature of contents, held to require reversal.

E. L. COOPER for appellant.

JOHN G. LOVETT, JACK E. FISHER and FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was twice tried for seduction under promise of marriage. The first trial resulted in a hung jury. On the second trial he was convicted and his punishment fixed at one year's imprisonment.

According to the prosecuting witness she and appellant lived about a mile and a half apart. He came to see her first in the year 1921. Two months later they became engaged, and shortly thereafter she yielded to him on their way home from a Methodist church. On the other hand, appellant admitted having intercourse with the prosecuting witness the first time they met in the year 1922, and on numerous occasions thereafter, but denied that he ever had promised to marry her. He also introduced evidence tending to show that the prosecuting witness was unchaste. One young man testified that he had had intercourse with her four or five times, and another one time. Two boys declined to answer the question. The affidavit for a continuance, which was read as the depositions of several absent witnesses, stated that they had had intercourse with the prosecuting witness. Another witness testified that she admitted to him that she had been intimate with another boy. The statements made by these witnesses were all denied by the prosecuting witness.

Because of the overwhelming showing that the prosecuting witness was unchaste, and of other evidence tending to discredit her story, it is insisted that the verdict is flagrantly against the evidence, but in view of the conclusion of the court that question need not be considered.

While the prosecuting witness was on the stand she was permitted over the objection of appellant to testify that appellant gave her a bottle of medicine "to destroy the child," and to exhibit the bottle to the jury. Her father and an attorney employed as special prosecutor were permitted to identify the bottle. Dr. Clayton was permitted to state that he used medicine like that contained in the bottle to help labor pains. Dr. Washburn was also permitted to say that the medicine might produce premature birth, and if the child was not expelled it might cause a rupture of the uterus, and that would mean death to the mother unless a very serious operation was performed.

It is insisted that all this evidence was improperly admitted. If this were a case where the intercourse was denied by the accused, it might be that his act in giving the medicine to the prosecuting witness, coupled with other evidence as to its probable effect, would tend to show that he regarded himself as the father of the child, and would therefore be admissible on the question of intercourse; but here the intercourse was admitted, and it was not necessary to establish that fact by evidence. That being true, the only issues to be decided were whether the prosecutrix was chaste at the time, and, if chaste, did she yield under a promise of marriage? The evidence complained of did not serve in the remotest degree to throw any light on either of these issues. Its only effect was to furnish a basis for the argument that the accused not only debauched the prosecuting witness, but was willing even to take her life in order to avoid the consequences of his crime. Though the statute was designed as a shield for the virtuous, it is sometimes used by the unchaste as a sword to justify their conduct and plight in the eyes of the world. Moreover, the feeling against the seducer is so strong that juries often convict on evidence which they would not regard as sufficient in other cases. For these reasons it is all important that the evidence in trials like this should be confined to facts that are relevant and material to the issues, and should not include matters that serve only to excite prejudice or passion in the minds of the jury. We are, therefore, con-

strained to hold that the admission of the evidence referred to was prejudicial error. Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617.

Judgment reversed and cause remanded for a new trial consistent with this opinion.